UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TONY K. VANN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.  4:00CV2016 FRB |
| ) | |
| JAY CASSADY,[1] ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

In December 2000, petitioner Tony K. Vann filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he raised six claims for relief, including claims of ineffective assistance of trial counsel.  In a Memorandum and Order denying the claims raised in petitioner's petition (filed March 10, 2004/Doc. #16), the undersigned[2] determined that two of petitioner's claims of ineffective assistance of trial counsel were procedurally defaulted and that petitioner's assertion of ineffective assistance of post-conviction counsel did not constitute cause for his default given the Supreme Court's directive in Coleman v. Thompson, 501 U.S. 722, 752-55 (1991), that

---

[1]Petitioner is currently incarcerated at the Jefferson City Correctional Center (JCCC) in Jefferson City, Missouri.  Because Jay Cassady is Warden of JCCC, he is substituted as proper party respondent in this habeas corpus action.  Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

[2]With the consent of the parties, the matter was assigned to the undersigned United States Magistrate Judge for final disposition.  28 U.S.C. § 636(c).

ineffective assistance of post-conviction counsel cannot constitute such cause. Petitioner has now filed a Motion for Relief From Judgment Pursuant to Rule 60(b)(6) (filed September 13, 2013/Doc. #24) arguing that the Supreme Court's recent holding in <u>Martinez v. Ryan</u>, 566 U.S. ___, 132 S. Ct. 1309 (2012), permits claims of ineffective of assistance of post-conviction counsel to constitute cause for default and that, given this new and retroactive rule of constitutional law, petitioner's previous claims of ineffective assistance of counsel should be reopened and reviewed on their merits. Contrary to petitioner's assertion, however, <u>Martinez</u> did not establish a new rule of constitutional law but instead was an "equitable ruling." <u>Martinez</u>, 132 S. Ct. at 1319-20 (noting the difference "between a constitutional ruling and the equitable ruling of this case."); <u>Osborne v. Purkett</u>, No. 03-653-CV-W-NKL, 2012 WL 5511676 (W.D. Mo. Nov. 14, 2012).

      Because <u>Martinez</u> did not set forth a new rule of constitutional law, petitioner cannot obtain relief on his previously determined habeas claims through retroactive application of its holding. <u>Osborne</u>, 2012 WL 5511676, at *4. Petitioner's Motion for Relief from Judgment should therefore be denied.

      Accordingly,

      **IT IS HEREBY ORDERED** that petitioner Tony K. Vann's Motion for Relief From Judgment Pursuant to Rule 60(b)(6) (Doc.

#24) is denied.

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to File Name of Superintendent as 'Acting' (Doc. #23) is denied as moot.

*/s/ Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this  _21st_  day of November, 2013.